UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
DEL RIO DIVISION

| | |
|---|---|
| CHRISTINA MITCHELL, in her Official Capacity as the District Attorney for the 38th Judicial District of Texas,<br><br>*Plaintiff*,<br><br>v.<br><br>UNITED STATES CUSTOMS AND BORDER PROTECTION,<br><br>*Defendant*. | Case No. 5:25-cv-00033-AM |

**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES**

Defendant United States Customs and Border Protection (CBP) files this Answer and Affirmative Defenses to Plaintiff's Complaint. Defendant responds specifically to each numbered paragraph of the Complaint as follows:

**INTRODUCTION**

The Introduction to Plaintiff's Complaint contains Plaintiff's characterization of its claims and legal arguments to which no response is required.

Defendant admits that the criminal law matter giving rise to this proceeding is the mass shooting incident at Robb Elementary School in Uvalde, Texas, on May 24, 2022.

Defendant admits that the Texas Department of Public Safety ("TDPS") conducted an investigation of the law enforcement response to the incident.

Defendant denies knowledge or information sufficient to form a belief about the specific facts found by that investigation.

Defendant denies knowledge or information sufficient to form a belief about other

agencies' cooperation with that investigation.

Defendant admits that Border Patrol agents at the scene were interviewed by the Texas Rangers.

Defendant admits that the Chief Counsel for CBP declined to authorize the U.S. Border Patrol agents to testify before the Uvalde County grand jury.

Defendant denies knowledge or information sufficient to form a belief about the status of indictments against Pedro Arredondo and Adrian Gonzales returned by a Uvalde County grand jury.

Defendant admits that prosecutors for the State of Texas have requested the testimony of three U.S. Border Patrol agents in connection with the state-court prosecution of Pedro Arredondo.

Defendant admits that the CBP Chief Counsel has declined authorization for the U.S. Border Patrol agents' testimony.

The remainder of the statements contained within the Introduction section of Plaintiff's Complaint are Plaintiff's characterization of its claims and a summary of its legal arguments to which no response is required. To the extent the remainder of the Introduction section contains additional statements of fact, they are denied.

## PARTIES

1. The allegations contained in paragraph 1 constitute Plaintiff's characterization of itself to which Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations. To the extent that a response is required, Defendant denies the allegations.

2. The allegations contained in paragraph 2 include Plaintiff's conclusions of law

regarding service of process on CBP, to which no response is required. Defendant admits the remaining allegations in paragraph 2.

## JURISDICTION AND VENUE

3. The allegations contained in paragraph 3 constitute Plaintiff's conclusions of law regarding jurisdiction to which no response is required. To the extent that a response is required, Defendant admits that the denial of Plaintiff's request is a final agency action. Defendant does not contest the Court's jurisdiction over this matter. Defendant denies any remaining allegations contained in paragraph 3.

4. The allegations contained in paragraph 4 constitute Plaintiff's conclusions of law regarding jurisdiction to which no response is required.

5. The allegations contained in paragraph 5 constitute Plaintiff's conclusions of law regarding jurisdiction to which no response is required.

6. The allegations contained in paragraph 6 constitute Plaintiff's conclusions of law regarding venue to which no response is required. To the extent that a response is required, Defendant admits that venue is proper and denies any factual allegations contained in paragraph 6.

7. The allegations contained in paragraph 7 constitute Plaintiff's conclusions of law regarding sovereign immunity to which no response is required.

## *TOUHY* REVIEW STANDARDS

8. The allegations contained in paragraph 8 are conclusions of law to which no response is required. To the extent that a response is required, Defendant denies any factual allegations contained in paragraph 8.

9. The allegations contained in paragraph 9 are conclusions of law to which no

response is required. To the extent that a response is required, Defendant denies any factual allegations contained in paragraph 9.

10. The allegations contained in paragraph 10 are conclusions of law to which no response is required. To the extent that a response is required, Defendant denies any factual allegations contained in paragraph 10.

11. The allegations contained in paragraph 11 are conclusions of law to which no response is required. To the extent that a response is required, Defendant denies any factual allegations contained in paragraph 11.

12. The allegations contained in paragraph 12 are conclusions of law to which no response is required. To the extent that a response is required, Defendant denies any factual allegations contained in paragraph 12.

13. The allegations contained in paragraph 13 are conclusions of law to which no response is required. To the extent that a response is required, Defendant denies any factual allegations contained in paragraph 13.

14. The allegations contained in paragraph 14 are conclusions of law to which no response is required. To the extent that a response is required, Defendant denies any factual allegations contained in paragraph 14.

15. The allegations contained in paragraph 15 are conclusions of law to which no response is required. To the extent that a response is required, Defendant denies any factual allegations contained in paragraph 15.

16. The allegations contained in paragraph 16 are conclusions of law to which no response is required. To the extent that a response is required, Defendant denies any factual allegations contained in paragraph 16.

17. The allegations contained in paragraph 17 are conclusions of law to which no response is required. To the extent that a response is required, Defendant denies any factual allegations contained in paragraph 17.

## FACTUAL BACKGROUND

18. Defendant admits the allegations in paragraph 18.

19. Defendant denies knowledge or information sufficient to form a belief about the actions of other law enforcement agencies. Defendant admits that agents from the U.S. Border Patrol's Border Patrol Tactical Unit (BORTAC) participated in the entry of the classroom where the shooting occurred. Defendant denies the remaining allegations in paragraph 19.

20. Defendant admits that BORTAC members led the group that entered the classroom and eliminated the threat. Defendant admits that the agents who entered the classroom were fired upon by the shooter, and returned fire and killed the shooter. Defendant denies knowledge or information sufficient to form a belief about the remaining allegations in paragraph 20.

21. Defendant admits that investigators from the FBI and Texas Rangers obtained statements from U.S. Border Patrol agents present on the scene. Defendant denies knowledge or information sufficient to form a belief about whether the FBI and Texas Rangers obtained statements from all U.S. Border Patrol agents who had been present at the scene.

22. Defendant denies knowledge or information sufficient to form a belief about a grand jury investigation initiated by the Uvalde County District Attorney. Defendant admits that the CBP Chief Counsel declined a request from the Uvalde County District Attorney to authorize testimony from the responding U.S. Border Patrol agents before a grand jury.

23. Defendant admits that Assistant District Attorney Bill Turner submitted a request

for testimony and information from Border Patrol agents to the U.S. Border Patrol, Del Rio Sector Chief Patrol Agent. The remainder of paragraph 23 contains Plaintiff's summary of bases for Plaintiff's *Touhy* request, to which no response is required. To the extent a response is required, Defendant denies any factual allegations contained in the remainder of paragraph 23.

24.     Defendant admits that, on March 9, 2023, Raul Ortiz, Chief of the U.S. Border Patrol, and Scott Falk, Chief Counsel for CBP, sent Turner a letter declining to provide the information and testimony Turner had requested. The remainder of paragraph 24 contains Plaintiff's summary of the legal positions set forth in that response, to which no response is required. To the extent a response is required, Defendant denies any factual allegations contained in the remainder of paragraph 24.

25.     Defendant admits that, on April 2, 2024, Turner sent the U.S. Border Patrol, Del Rio Sector Chief Patrol Agent a second request for information, seeking grand jury testimony from three U.S. Border Patrol agents.

26.     Defendant admits that, on May 21, 2024, CBP Chief Counsel Frederick B. Smith sent Turner a letter declining to authorize the testimony Turner had requested. The remainder of paragraph 26 contains Plaintiff's summary of the legal positions set forth in that response, to which no response is required. To the extent a response is required, Defendant denies any factual allegations contained in the remainder of paragraph 26.

27.     Defendant admits that, on June 7, 2024, Turner sent a letter further explaining his bases for requesting testimony from the three U.S. Border Patrol agents. Defendant denies that Michael Clendenen was an Assistant United States Attorney. Clendenen was employed with the Civil Division of the U.S. Department of Justice, not the U.S. Attorney's Office.

28.     Defendant admits that, on October 24, 2024, Turner sent CBP Chief Counsel

Smith the *Touhy* request that is the subject of this action. The remainder of paragraph 28 contains Plaintiff's summary of bases for Plaintiff's *Touhy* request, to which no response is required. To the extent a response is required, Defendant denies any factual allegations contained in the remainder of paragraph 28.

29. Defendant admits that CBP Chief Counsel Smith denied Turner's request in a letter dated December 16, 2024. The remainder of paragraph 29 contains Plaintiff's summary of the legal positions set forth in that response, to which no response is required. To the extent a response is required, Defendant denies any factual allegations contained in the remainder of paragraph 29.

30. Defendant denies the allegations in paragraph 30.

31. Paragraph 31 contains Plaintiff's summary of bases for its *Touhy* request, to which no response is required. To the extent a response is required, Defendant denies any factual allegations contained in paragraph 31.

32. Paragraph 32 contains Plaintiff's summary of bases for its *Touhy* request, to which no response is required. To the extent a response is required, Defendant denies any factual allegations contained in paragraph 32.

33. Paragraph 33 contains Plaintiff's summary of bases for its *Touhy* request, to which no response is required. To the extent a response is required, Defendant denies any factual allegations contained in paragraph 33.

34. Paragraph 34 contains Plaintiff's summary of bases for its *Touhy* request, to which no response is required. To the extent a response is required, Defendant denies any factual allegations contained in paragraph 34.

35. Paragraph 35 contains Plaintiff's summary of bases for its *Touhy* request, to

which no response is required. To the extent a response is required, Defendant denies any factual allegations contained in paragraph 35.

36. Paragraph 36 contains Plaintiff's summary of bases for its *Touhy* request, to which no response is required. To the extent a response is required, Defendant denies any factual allegations contained in paragraph 36.

37. Paragraph 37 contains Plaintiff's summary of bases for its *Touhy* request, to which no response is required. To the extent a response is required, Defendant denies any factual allegations contained in paragraph 37.

38. Paragraph 38 contains Plaintiff's summary of bases for its *Touhy* request, to which no response is required. To the extent a response is required, Defendant denies any factual allegations contained in paragraph 38.

39. The allegations contained in paragraph 39 are conclusions of law to which no response is required. To the extent that a response is required, Defendant denies any factual allegations contained in paragraph 39.

40. The allegations contained in paragraph 40 are conclusions of law to which no response is required. To the extent that a response is required, Defendant denies any factual allegations contained in paragraph 40.

41. The allegations contained in paragraph 41 are conclusions of law to which no response is required. To the extent that a response is required, Defendant denies any factual allegations contained in paragraph 41.

42. The allegations contained in paragraph 42 are conclusions of law to which no response is required. To the extent that a response is required, Defendant denies any factual allegations contained in paragraph 42.

43. The allegations contained in paragraph 43 are conclusions of law to which no response is required. To the extent that a response is required, Defendant denies any factual allegations contained in paragraph 43.

44. The allegations contained in paragraph 44 are conclusions of law to which no response is required. To the extent that a response is required, Defendant denies any factual allegations contained in paragraph 44.

45. The allegations contained in paragraph 45 are conclusions of law to which no response is required. To the extent that a response is required, Defendant denies any factual allegations contained in paragraph 45.

46. The allegations contained in paragraph 46 are conclusions of law to which no response is required. To the extent that a response is required, Defendant denies any factual allegations contained in paragraph 46.

47. The allegations contained in paragraph 47 are conclusions of law to which no response is required. To the extent that a response is required, Defendant denies any factual allegations contained in paragraph 47.

48. The allegations contained in paragraph 48 are conclusions of law to which no response is required. To the extent that a response is required, Defendant denies any factual allegations contained in paragraph 48.

49. The allegations contained in paragraph 49 are conclusions of law to which no response is required. To the extent that a response is required, Defendant denies any factual allegations contained in paragraph 49.

50. The allegations contained in paragraph 50 are conclusions of law to which no response is required. To the extent that a response is required, Defendant denies any factual

allegations contained in paragraph 50.

51. The allegations contained in paragraph 51 are conclusions of law to which no response is required. To the extent that a response is required, Defendant denies any factual allegations contained in paragraph 51.

52. The allegations contained in paragraph 52 are conclusions of law to which no response is required. To the extent that a response is required, Defendant denies any factual allegations contained in paragraph 52.

## COUNT I

53. Defendant incorporates all previous responses as if fully set forth herein.

54. Defendant admits the allegations in paragraph 54.

55. Defendant denies that CBP responded to Turner denying his request on December 14, 2024. The denial letter was sent on December 16, 2024.

56. The allegations contained in paragraph 56 are conclusions of law to which no response is required. To the extent that a response is required, Defendant denies any factual allegations contained in paragraph 56.

57. The allegations contained in paragraph 57 are conclusions of law to which no response is required. To the extent that a response is required, Defendant denies any factual allegations contained in paragraph 57.

58. The allegations contained in paragraph 58 are conclusions of law to which no response is required. To the extent that a response is required, Defendant denies any factual allegations contained in paragraph 58.

59. The allegations contained in paragraph 59 are conclusions of law to which no response is required. To the extent that a response is required, Defendant denies any factual

allegations contained in paragraph 59.

## REQUEST FOR RELIEF

60.     Defendant denies that Plaintiff is entitled to any relief.

## **AFFIRMATIVE DEFENSES**

### **First Defense**

The Complaint fails to state a claim upon which relief can be granted.

### **Second Defense**

The Complaint is not in the public interest.

### **Third Defense**

Plaintiff failed to meet the CBP *Touhy* requirements pursuant to 19 C.F.R. §§ 103.21–103.27.

### **Fourth Defense**

Defendant did not act arbitrarily and capriciously.

### **Fifth Defense**

Plaintiff is not entitled to an order "requiring Agents A, B, and C to testify in the state court proceedings"; rather, the exclusive relief available is remand of the matter to CBP for further administrative review consistent with APA standards and the Court's decision. *See BizCapital Business & Indus. Development Corp. v. Comptroller of the Currency of the United States*, 467 F.3d 871 (5th Cir. 2006).

Dated: October 3, 2025    Respectfully submitted,

**Justin R. Simmons**
United States Attorney

By:   /s/ *Robert D. Green*
Robert D. Green
Texas Bar No. 24087626
Assistant United States Attorney
601 N.W. Loop 410, Suite 600
San Antonio, Texas 78216
(210) 384-7362 (phone)
(210) 384-7312 (fax)
robert.green3@usdoj.gov

*Attorneys for Defendant*