# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# DEL RIO DIVISION

CHRISTINA MITCHELL, in her Official
Capacity as the District Attorney for the 38th
Judicial District of Texas,

    *Plaintiff*,

v.

UNITED STATES CUSTOMS AND
BORDER PROTECTION,

    *Defendant*.

Case No. 2:25-cv-00033-AM

## REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT AND RESPONSE OPPOSING PLAINTIFF'S CROSS-MOTION FOR SUMMARY JUDGMENT

Defendant United States Customs and Border Protection (CBP) files this Reply in support of its Motion for Summary Judgment, ECF No. 11, and Response opposing Plaintiff's Cross-Motion for Summary Judgment, ECF Nos. 12, 14.

## INTRODUCTION

Plaintiff cannot show that CBP's denial of her *Touhy* request amounts to an unreasonable application of the agency's *Touhy* regulations. Rather, the Administrative Record reflects that the CBP Chief Counsel "recognized and considered the applicable *Touhy* regulations in making its decision"—and that it "disclosed a significant amount of investigative material and, in denying certain requests, . . . articulated its reasons for doing so." *CF Indus., Inc. v. Dep't of Just. Bureau of Alcohol, Tobacco, Firearms, & Explosives*, 692 F. App'x 177, 181 & n.8 (5th Cir. 2017) (citing 5 U.S.C. § 301 and *United States ex rel. Touhy v. Ragen*, 340 U.S. 462, 468 (1951)). Under the "narrow" standard of review that applies here, this Court should affirm that CBP's

path to its denial of Plaintiff's *Touhy* request "may reasonably be discerned[,]" and the Court should grant Defendant's Motion for Summary Judgment. *Shrimpers & Fishermen of the RGV v. United States Army Corps of Eng'rs*, 56 F.4th 992, 996 (5th Cir. 2023); *see also e.g., L1 Techs., Inc. v. U.S. Customs & Border Prot.*, No. 19-CV-2338-MMA (LL), 2020 WL 1701691, at *11 (S.D. Cal. Apr. 8, 2020) ("Because the Court finds that there is a reasonable connection between the facts and final agency decision, the Court defers to the agency and presumes that the agency action is valid.").

Plaintiff filed this action seeking APA review of CBP's denial of Plaintiff's request for testimony from three Border Patrol Agents (BPAs). The parties agree that the case should be decided on summary judgment. ECF No. 12 at 5 (citing *Nat'l Ass'n for Gun Rts., Inc. v. Garland*, 741 F. Supp. 3d 568, 596 (N.D. Tex. 2024) ("Disputes arising under the APA are commonly resolved on summary judgment, where district courts sit as an appellate tribunal to decide legal questions on the basis of the administrative record."))). In Plaintiff's Response and cross-motion for summary judgment, ECF Nos. 12, 14, Plaintiff argues that the mandatory denial factors set forth at 19 C.F.R. § 103.23(b)(5) (disclosure of investigative techniques and procedures), (b)(8) (interference with orderly conduct of CBP business), and (b)(9) (no CBP interest in proceeding) do not apply. ECF No. 12 at 7–10. Next, Plaintiff argues that the disclosure factors set out in 19 C.F.R. § 103.23(a) do not support denial of Plaintiff's *Touhy* request. Defendant briefly replies to each of these arguments.

## ARGUMENT

### A. CBP Reasonably Applied the 19 C.F.R. § 103.23(a) Factors

Plaintiff's *Touhy* request sought four categories of testimony: Testimony about CBP training; CBP equipment; Arredondo's communications with the BPAs; and exculpatory,

impeaching, or mitigating evidence. As to each category, CBP's denial letter identified the applicable Section 103.23(a) factors and explained why they weighed against disclosure. *See* AR00016–18, 20, 21–23. This explanation goes well beyond the "boilerplate objections" that Plaintiff now claims. ECF No. 12 at 11.

First, CBP's response explained that Section 103.23(a)(3)(ii) required the CBP Chief Counsel to consider whether Plaintiff had shown that the information requested is "[g]enuinely necessary to the proceeding, i.e., a showing of substantial need has been made[.]" AR00017 (citing 19 C.F.R. § 103.23(a)(3)(ii)). Considering that factor, the CBP Chief Counsel reasonably found that, since Arredondo's liability under Texas Penal Code Section 22.041 will depend upon "his own acts or omissions[,]" Plaintiff had not shown how information about *federal* training or equipment would be relevant—much less substantially needed—for the prosecution. AR00017.

In their summary judgment briefing, rather than explain why this is incorrect, Plaintiffs resort to *ipse dixit*; that, since the state prosecutor has said the testimony is needed, CBP may not "second-guess[] the Texas prosecutor's judgment[.]" ECF No. 12 at 3, 14 (arguing that CBP's denial of the request "is arbitrary and capricious" because it "runs counter to the facts expressed" by the state court prosecutor). But CBP's *Touhy* regulations require the Chief Counsel to consider whether the party making the request has carried its burden to show substantial need. The regulations do not contemplate that the CBP Chief Counsel should be bound by a state court litigant's conclusory claim of substantial need.

At most, Plaintiffs have theorized about possible testimony from the BPAs that might bear marginal relevance to Arredondo's culpability—that, if they were to testify that their training would have called for them to disregard a "stand down" order from Arredondo, or that if CBP carried the equipment that prosecutors allege Arredondo failed to provide, his guilt might

be mitigated. AR00010; ECF No. 12 at 14–15. As the CBP response explained, speculation about the possible mitigating effects of this testimony is not sufficient to show "substantial need" or to establish that the testimony of the three BPAs is "genuinely necessary to the proceeding[.]" AR00017–18. The CBP Chief Counsel provided an analysis of each aspect of the *Touhy* request and explained as to each why the office found that Plaintiff had failed to carry her burden under Section 103.23(a)(3). This explanation goes well beyond the "rote boilerplate language" found to be insufficient in *OhioHealth Corp. v. U.S. Dep't of Veteran Affs.*, No. 2:14-CV-292, 2014 WL 4660092, at *7 (S.D. Ohio Sept. 17, 2014); *Ceroni v. 4Front Engineered Sols., Inc.*, 793 F. Supp. 2d 1268, 1278 (D. Colo. 2011) (rejecting response "composed solely of boilerplate objections, devoid of any individualized factual analysis").

Additionally, the CBP Chief Counsel explained that Plaintiffs could not carry their burden under Section 103.23(a)(3)(iii) to show that the information they sought through the BPAs' testimony was "[u]navailable from other sources[.]"[1] AR00022. As the CBP response explained, state and local law enforcement officers were located throughout the school. AR00022. Plaintiffs have offered only an *ipse dixit* assertion that they had exhausted all other sources, *see* ECF No. 11 at 13 n.4, but they have not explained why state and local officers could not testify about the equipment available from Arredondo and from CBP and Arredondo's communications with officers in the hallways where the BPAs were located—testimony in which Plaintiff's questioning could be guided by the CBP OPR Report, even if the report itself is not admitted into evidence. AR00017–18, 20, 22–23 (describing "our initial primary reason for declining to authorize these witnesses' testimony — you can obtain information from the Texas

---

[1] The availability of this information from other sources distinguishes this case from *Rhoads v. United States Dep't of Veterans Affs.*, 242 F. Supp. 3d 985, 988 (E.D. Cal. 2017), in which "Defendant d[id] not dispute[] that [Plaintiffs] ha[d] no remedy to obtain the knowledge of [the federal employee] witnesses other than through depositions."

state and local witnesses on scene.").

And, as the CBP response noted, the release of the CBP OPR Report further weighs against any showing of substantial need for live testimony on the topics already addressed by the CBP OPR Report. AR00018. Plaintiff again argues that anticipated hearsay objections to the CBP OPR Report mean that testimony from the three BPAs is the only source for the information in the report. But Plaintiffs also acknowledge that, under the Texas Rules of Evidence, factual findings of a legally authorized investigation fall within a hearsay exception when offered against the government in a criminal case. ECF No. 12 at 12 (citing Tex. R. Evid. 803(8)(A)(iii)). Plaintiffs do not explain why, if information about CBP training and equipment does have the mitigating effect they hypothesize it might, that exception would not apply (or why any hearsay objection would be raised at all). Moreover, under the *Touhy* regime, possible hearsay objections to other sources of information do not suffice to show a substantial need for the live testimony of federal employees.

The Seventh Circuit recently addressed this issue. A state court litigant lodged a *Touhy* request seeking deposition testimony from two federal employees about their communications with the requestor's opposing party in the state court litigation. Though other witnesses and evidence were available, the requestor attempted to show substantial need for the federal employees' testimony because of "hearsay objections that may be raised to bar admission of that other evidence[.]" *St. Vincent Med. Grp., Inc. v. United States Dep't of Just.*, No. 1:22-MC-00011-JPH-MG, 2022 WL 16715468, at *6 (S.D. Ind. Oct. 27, 2022).[2] The district court found

---

[2] Though *St. Vincent Medical Group* also presented a question of federal investigative privilege, ECF No. 12 at 13, it separately discussed whether a "purported need for testimony . . . to avoid or minimize hearsay objections" is sufficient to make a showing for substantial need showing under the applicable *Touhy* regulations. *St. Vincent*, 2022 WL 16715468, at *6. There, as here, it was not.

the possible hearsay objections insufficient to show substantial need for live testimony from the federal employees, *St. Vincent*, 2022 WL 16715468, at *6, and the Seventh Circuit affirmed, 71 F.4th 1073, 1076 (7th Cir. 2023). Additionally, the Seventh Circuit observed that the live testimony of the federal employees was "as best we can tell, cumulative" of the testimony of other witnesses about the communications at issue—much as the testimony of the BPAs would be cumulative of the testimony of the numerous other law enforcement officers and other witnesses on the scene. *St. Vincent*, 71 F.4th at 1076.

Plaintiffs once again rely on *Ceroni v. 4Front Engineered Sols., Inc.*, 793 F. Supp. 2d 1268, 1279 (D. Colo. 2011), for the proposition that "witness testimony can only be obtained at a deposition or trial through a subpoena." ECF No. 12 at 13 (quoting *Ceroni*). This misstates the issue, which is not whether there is some other mechanism for Plaintiffs to secure the testimony of the BPAs, but whether the information Plaintiffs have requested is available from sources other than the live testimony of the federal employees. The CBP response reasonably found that it is: Both through the testimony of the numerous other witnesses and through the CBP OPR Report. In part for that reason, CBP reasonably found that Section 103.23(a)(3)(ii) and (iii) weighed against granting the *Touhy* request.

### B. CBP Properly Relied on 19 C.F.R. § 103.23(b) as a Basis to Deny the *Touhy* Requests

CBP's denial of Plaintiff's *Touhy* requests was also supported by the factors listed at 19 C.F.R. § 103.23(b), which provide that "disclosure will not be made" if it "would reveal investigatory records compiled for law enforcement purposes, interfere with enforcement proceedings, or disclose investigative techniques and procedures"; "would unduly interfere with the orderly conduct of CBP business"; or where "CBP has no interest . . . regarding the matter in which disclosure is sought[.]" 19 C.F.R. § 103.23(b)(5), (b)(8)–(9). *See* AR00018 (citing Section

103.23(b)); AR00022 (citing Section 103.23(b)(5)).

   1. **Section 103.23(b)(5) – Confidential Law Enforcement Techniques and Procedures**

First, CBP's May 2024 denial of a predecessor request[3] was based in part on 19 C.F.R. § 103.23(b)(5), which prohibits disclosures that "would reveal investigatory records compiled for law enforcement purposes, interfere with enforcement proceedings, or disclose investigative techniques and procedures[.]" AR00022. In a subsequent request, Plaintiff disclaimed any intent to seek "confidential information[,]" and Plaintiff now argues that, since parts of the BORTAC operation were captured on video and have been discussed by some unspecified agents in other contexts, "this factor does not apply here." ECF No. 12 at 8.

This argument is unavailing. The bare fact that some of the BORTAC team's activities were video recorded by third parties does nothing to negate the Section 103.23(b)(5) requirement to maintain the confidentiality of law enforcement techniques and procedures. Nor does Plaintiff's vague claim that unidentified CBP agents and "other officers" have discussed BORTAC's entry in unidentified other contexts. *See* AR00011; ECF No. 12 at 8. And Plaintiff's conclusory assertion that it seeks no confidential information cannot be reconciled with the open-ended character of some of its requests. *Compare, e.g.*, AR00014 (request for "any information, admissible as evidence or not, that would tend to negate the guilt of Pedro Arredondo, impeach the testimony of any witness for the State of Texas, or tend to reduce the punishment for the charges against Arredondo") and AR00020 (citing 19 C.F.R. § 103.23(a)(3)(iv), requiring that request be reasonable in scope and the requested information described with particularity). CBP reasonably relied upon Section 103.23(b)(5) in support of its denial of Plaintiff's *Touhy* request.

---

[3] *See generally* ECF No. 11 at 3 n.2 (discussing relevance of prior requests). The bases for the prior denials were incorporated into the denial of the request at issue here. *See* AR00017, ECF No. 12 at 8.

### 2. Section 103.23(b)(8) and (9) – Interference with Orderly Conduct of CBP Business; No CBP Interest in State Court Prosecution

Plaintiff's *Touhy* request sought testimony from the three subject BPAs regarding "any information, admissible as evidence or not, that would tend to negate the guilt of Pedro Arredondo, impeach the testimony of any witness for the State of Texas, or tend to reduce the punishment for the charges against Arredondo[.]" AR00014. While the *Touhy* request raised this in the context of potential questions to be asked of the three BPAs, Plaintiff's Complaint framed this request as seeking to have CBP "search for information held by CBP that could exonerate or mitigate Arredondo's guilt, or impeach other inculpatory witnesses." ECF No. 1 at ¶ 52.

Plaintiff now takes the position that it does *not* seek "CBP's institutional knowledge," only exculpatory, impeaching or mitigating information known to the three subject BPAs. *See* ECF No. 12 at 9. Even under this narrower framing, this request fails to identify with sufficient particularity what information it seeks. Responsive information can be identified only by reference to the evidence and legal theories advanced by the state court prosecutors. As non-parties to the state court prosecution, CBP and the subject BPAs would be left to speculate—posing an undue burden on CBP and falling short of the particularity requirement of CBP's *Touhy* regulations. AR00018; *see also* 19 C.F.R. § 103.23(a)(3)(iv) (Chief Counsel should consider whether "the requesting party has demonstrated that the information requested is . . . Reasonable in its scope, *i.e.,* the documents, information, or testimony sought are described with particularity.").

And, since CBP is not a party to the state court prosecutions, CBP's Chief Counsel reasonably found that CBP "has no official interest or information" regarding that prosecution, and that the obligation to comply with *Brady* and *Giglio* belongs to the State. AR00018. Where "[a federal agency] ha[s] no role in [a] state court prosecution[,]" the state prosecutor's

constitutional disclosure obligation "does not give rise to a constitutional duty by [the federal agency]" under *Brady* or *Giglio*, or similar state law disclosure requirements. *Gulluni v. Levy*, 85 F.4th 76, 81 (1st Cir. 2023); *see also State v. Lueck*, No. 416CV00130ALMCAN, 2016 WL 11774020, at *5 (E.D. Tex. May 6, 2016); *People v. Adams*, 86 Misc. 3d 472, 476 (N.Y. Sup. Ct. 2025). In short, Plaintiff's *Brady* and *Giglio* obligations do not entitle it to a *Touhy* disclosure from CBP.

That does not mean, as Plaintiff now suggests, that Defendant interprets Section 103.23(b)(9) to "require[] the CBP Chief Counsel to deny *Touhy* requests for any matter in which CBP is not a party." ECF No. 12 at 9–10. Relying on an order from the Northern District of Alabama, Plaintiff argues that an agency's reliance on its lack of interest in a state court proceeding cannot overcome a "general duty"[4] of every disinterested witness to "provid[e] his evidence[.]" ECF No. 12 at 10 (quoting *Brown v. U.S. Department of Veterans Affairs*, Case No. 2:17-cv-1181-TMP, 2017 WL 3620253 (N.D. Ala., Aug. 23, 2017). But unlike *Brown*—in which the agency's nonparty status and lack of interest in the state court proceeding was the sole substantive basis for denying the *Touhy* request[5]—CBP's denial of Plaintiff's *Touhy* request was

---

[4] Imposing a "general duty" on non-party federal agencies to provide evidence to state court litigants cannot be reconciled with the federal sovereign immunity and federalism principles—long recognized by the Fifth Circuit—that form the basis for the *Touhy* doctrine. *See, e.g.*, *State of La. v. Sparks*, 978 F.2d 226, 235 & n.16 (5th Cir. 1992) (collecting cases in which "courts have quashed state court subpoenas or dismissed contempt proceedings . . . on the ground that a court, state or federal, lacks jurisdiction to enforce a subpoena against an unwilling sovereign"); *Lueck*, 2016 WL 11774020, at *5 ("numerous other courts, including the Fifth Circuit, have applied *Touhy* regulations to restrict or deny the testimony of agency employees in criminal cases.").

[5] Plaintiffs also invoke *In re Subpoena to Nat'l Sci. Found., Off. of Inspector Gen.*, No. 3:18-MC-00006-JAG, 2018 WL 5017612, at *4 (E.D. Va. Oct. 16, 2018), which in turn relied on *Ceroni* and the National Science Foundation's *Touhy* regulation, 45 C.F.R. § 615.5(b)(2), for the proposition that release of interview transcripts—though not authorization of live testimony by a federal employee—was "crucial for the trial court to adjudicate fairly the rights of the parties in the underlying action[.]" ECF No. 12 at 5–6. Unlike this case, the National Science Foundation

based principally on the 19 C.F.R. § 103.23(a) factors, with CBP's nonparty status raised in explaining why Plaintiff's *Brady* and *Giglio* obligations do not compel CBP to grant the request and why the ill-defined request for exculpatory, mitigating, and impeaching evidence would significantly interfere with the orderly conduct of CBP's business. AR000018. CBP's *Touhy* regulations do not categorically exempt it from releasing information to state court litigants in cases where CBP is a nonparty. Nor do those regulations require it to grant all requests for information made by state prosecutors who believe that responsive information might be exculpatory, mitigating, or impeaching.

C. The "Remand Rule" Applies Here

Plaintiffs acknowledge that, if this Court finds that CBP's denial of the *Touhy* request was arbitrary and capricious, "the usual remedy is remand of the *Touhy* request to the federal agency for additional investigation or explanation." ECF No. 12 at 16 (quoting *BizCapital Business & Industrial Dev. Corp. v. Comptroller of Currency of U.S.*, 467 F.3d 871, 873 (5th Cir. 2006); also quoting *Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 744 (1985), that "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.")). This "proper course" is "colloquially referred to as the "remand rule." *Food & Drug Admin. v. Wages & White Lion Invs., LLC*, 604 U.S. 542, 587 (2025).

Plaintiffs vaguely suggest that this "may" be a case in which the remand rule should not apply. But other than a passing reference to speedy trial issues, Plaintiff does not support this suggestion with authority or supporting argument to deviate from the principle "that the better course when an agency error is identified is for the reviewing court . . . 'to remand to the agency

---

case did not involve a request for the live testimony of a federal employee, and the proposition for which Plaintiff cites it was based on a provision of the National Science Foundation's *Touhy* regulations that is not at issue here.

for additional investigation or explanation[.]" *White Lion*, 604 U.S. at 587 (quoting *Florida Power & Light*, 470 U.S. at 744); *see also Knapp v. U.S. Dep't of Agric.*, 796 F.3d 445, 459 (5th Cir. 2015) ("The appropriate remedy here is remand for the agency to better explain its decision."). Should the Court find that CBP's denial of Plaintiff's *Touhy* request was arbitrary and capricious, the matters should be remanded to the agency in accordance with the remand rule. And while Plaintiff suggests that this Court set a 30-day deadline for CBP's reconsideration of their *Touhy* request in the event of a remand, ECF No. 12 at 17, that request runs contrary to the weight of remand rule cases, in which the agency, as part of "the exercise of its lawful discretion[,]" determines the appropriate timeline for its action in accordance with its regulations. *BizCapital*, 467 F.3d at 874; *Murphy*, 2025 WL 1688117, at *6 (ordering remand in *Touhy* case without setting deadline).

## CONCLUSION

The Court should enter a summary judgment for Defendant.


Dated: January 13, 2026						Respectfully submitted,

							**Justin R. Simmons**
							United States Attorney

				By:		/s/ *Robert D. Green*
							Robert D. Green
							Texas Bar No. 24087626
							Assistant United States Attorney
							601 N.W. Loop 410, Suite 600
							San Antonio, Texas 78216
							(210) 384-7362 (phone)
							(210) 384-7312 (fax)
							robert.green3@usdoj.gov

							***Attorneys for Defendant***